UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

LEWIS Y. LIU,

                Plaintiff,

  -v-                                                     No. 24-CV-812-LTS-RWL

CARL E. HEASTIE, WILLIAM A. BARCLAY,
ANDREA STEWART-COUSINS, and
ROBERT G. ORTT,

                Defendants.

-------------------------------------------------------------X

## MEMORANDUM ORDER

        Lewis Liu ("Mr. Liu" or "Plaintiff") brings this action against New York State Assembly Speaker Carl E. Heastie, New York State Assembly Minority Leader William A. Barclay, New York State Senate Majority Leader and President Pro Tempore Andrea Stewart-Cousins, and New York State Senate Minority Leader Robert G. Ortt ("Defendants") on the theory that the "Winner-Take-All" method—of allocating all New York state electoral votes in a United States presidential election to the winner of the popular vote—violates Plaintiff's voting rights under the Fourteenth Amendment of the United States Constitution. (Docket entry no. 1 (the "Complaint") at 1.) Plaintiff sues Defendants in their capacity as "the leaders of State Assembly and State Senate [who] have the constitutional duties and obligations to pass / update the state's election laws to ensure all voters' vote counted and weighted equally towards all future presidential elections' results." (Id. at 14.)

        The case is before the Court on Defendants' Motion to Dismiss the Complaint. (Docket entry no. 17 (the "Motion to Dismiss").) The Court has carefully considered the

submissions of the parties in connection with the instant motion. For the following reasons, the Motion to Dismiss is granted.

## DISCUSSION

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint must be dismissed for lack of subject matter jurisdiction when "the court 'lacks the statutory or constitutional power to adjudicate it.'" Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). A complaint "must be dismissed for lack of subject matter jurisdiction" where defendants are "entitled to immunity" in "their legislative roles." Equal Vote Am. Corp. v. Cong., 397 F. Supp. 3d 503, 512 (S.D.N.Y. 2019), aff'd in part, remanded in part sub nom. Liu v. U.S. Cong., 834 F. App'x 600 (2d Cir. 2020).

"It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998); see also Sup. Ct. of Va. v. Consumers Union of U.S., Inc., 446 U.S. 719, 732 (1980) ("[S]tate legislators enjoy common-law immunity from liability for their legislative acts, an immunity that is similar in origin and rationale to that accorded Congressmen under the Speech or Debate Clause.") This immunity protects legislators from both "actions for damages and those for prospective relief." Sup. Ct. of Va., 446 U.S. at 733 (noting that absolute legislative immunity would bar an action for injunctive relief seeking to compel legislators to amend legislation). "Legislative acts have been defined as those which are an integral part of the legislative process, and have been held to include votes and speeches on the floor of the House as well as the underlying motivations for these activities." People v. Ohrenstein, 77 N.Y.2d 38, 54 (1990).

Defendants argue, and Plaintiff does not dispute, "that Plaintiff's claims against Defendants relate to their performance of legislative functions[.]" (Docket entry no. 18 ("Def. Mem.") at 14; see also docket entry no. 23 ("Reply") at 2 ("Plaintiff wholly fails to respond to the argument that Defendants have legislative immunity.").)[1]  Indeed, in opposing the Motion to Dismiss, Plaintiff argues, "[a]s the top legislature leaders, the Defendants have the power and duty to inform their members, bring up bills for hearings, debates and floor votes to pass new state laws and to rectify injustice." (Docket entry no. 21 ("Pl. Mem.") at 11).)  Because Plaintiff plainly brings this suit against Defendants for their legislative activities (or lack thereof), "[t]he Court must dismiss Plaintiff's claims against [Defendants] under the doctrine of legislative immunity, for lack of subject matter jurisdiction" without prejudice.[2]  Ajaero v. Obama, No. 23-CV-8096-LTS, 2023 WL 7386583, at *8 (S.D.N.Y. Nov. 7, 2023).  Because the Court does not have subject matter jurisdiction of this case, the Court declines to address Defendants' remaining arguments in the Motion to Dismiss.

---

[1] Plaintiff's "failure to provide argument on a point at issue constitutes abandonment of the issue[,] . . . which provides an independent basis for dismissal." Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 n. 11 (S.D.N.Y.), aff'd, 130 F.3d 1101 (2d Cir. 1997).

[2] "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" Katz v. Donna Karan Co., 872 F.3d 114, 121 (2d Cir. 2017) (citation omitted).  The Complaint must therefore be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Complaint is granted. This Memorandum Order resolves docket entry no. 17. The Clerk of Court is respectfully directed to enter judgment dismissing the Complaint without prejudice.

SO ORDERED.

Dated: New York, New York
　　　　June 20, 2024

　/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge